UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **NANG MUN LAHPAI,** | § § § | |
| Plaintiff, | § § | Case No.: |
| v. | § § § | |
| **CLAREWOOD HOUSE, INC.,** | § § | **TRIAL BY JURY DEMANDED** |
| Defendant. | § § § | |

# COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

COMES NOW, Plaintiff, Nang Mun Lahpai, through her undersigned attorneys, and complains of Clarewood House, Inc. and files this Complaint showing the Court as follows:

## INTRODUCTION

1. Plaintiff demands a jury trial in this case as to any and all issues triable to a jury.

2. Plaintiff files this Complaint and complains of discrimination on the basis of national origin and race under Title VII of the Civil Rights Act, 42 U.S.C. §2000e and under 42 U.S.C. §1981. Plaintiff also complains of violations of the Family and Medical Leave Act, 29 U.S.C. §2601, *et seq*.

3.      This action seeks compensatory and punitive damages, lost wages (past, present, and future), attorneys' fees, taxable court costs, pre-judgment and post-judgment interest.

## PARTIES

4.      Plaintiff Nang Mun Lahpai is a resident of Houston, Texas.  Plaintiff is Asian, from Myanmar.  Plaintiff worked for Defendant for just over three years, and she worked more than 1250 hours during each of these years.

5.      Defendant Clarewood House, Inc. is a Texas corporation which transacts business in Texas.  At all times relevant to this case, Defendant had more than 50 employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year, and fewer than 500 employees.  Defendant Clarewood House, Inc. may be served with process on its registered agent, Patrick Pheifer, 7400 Clarewood Dr., Houston, Texas 77036.

## VENUE

6.      Venue is appropriate in the United States District Court for the Southern District of Texas, Houston Division, because Clarewood house is located in Houston, Texas, and is a Texas corporation, doing business in Texas.  Moreover, venue is appropriate because Plaintiff is a resident of Houston, Texas, and the events leading to this lawsuit occurred in Houston, Texas.

## JURISDICTION

7. This Court has original jurisdiction of this action pursuant to 28 U.S.C. §1331 (federal question jurisdiction), under 42 U.S.C. §2000e, *et seq.*, and under 42 U.S.C. §1981, and under 29 U.S.C. §2601, *et seq.*

8. The unlawful employment practices were committed within the jurisdiction of this Court.

## PROCEDURAL PREREQUISITES

9. All conditions precedent to the filing of this action have been met by Plaintiff. Plaintiff was terminated from her employment in April of 2020. Plaintiff timely filed a charge of discrimination with the Equal Opportunity Commission ("EEOC") in Houston on July 29, 2020.

10. The EEOC in Houston issued a Notice of Right to Sue letter on February 2, 2021, entitling Plaintiff to file suit based on race and national origin discrimination.

11. This lawsuit has been filed within ninety (90) days of Plaintiff's receipt of the Notice of Right to Sue letter from the EEOC.

## FACTS

12. Plaintiff was hired by Defendant in March of 2017 as a food service worker at Clarewood House.

13. On April 4, 2020, Ms. Lahpai sought and received permission to stay home from work because she was suffering from flu-like conditions, a fever, and back pain, which was possibly COVID-19.

14. On April 5, 2020, Plaintiff spoke with her supervisor, Ms. Daniel, and told the supervisor she was still feeling ill. Ms. Daniel advised Plaintiff to remain home, especially because of the threat of the COVID-19 pandemic.

15. On April 6, 2020, Plaintiff texted Ms. Ora, her supervisor's supervisor, after she could not reach her supervisor, Ms. Daniel. Ms. Lahpai explained that she was still feeling ill and needed to rest, and would not be in that day or the next.

16. Plaintiff was scheduled to be off of work on April 8th and 9th.

17. On April 9th, Plaintiff spoke with Ms. Daniel, and told Ms. Daniel that Plaintiff was still ill and would be out the next day. Plaintiff also told Ms. Daniel that she could not return to work because she was a single mother, and had to care for her seven-year-old son, who did not have school because the schools were closed as a result of the COVID-19 pandemic.

18. On April 11th and 12th, Plaintiff was scheduled to be off of work. On April 13th, Plaintiff again spoke with Ms. Daniels and told Ms. Daniels that she could not come to work because of having to care for her son while schools were closed as a result of the COVID-19 pandemic.

19. In late April, when Plaintiff received the May work schedule, she was not listed as an employee on the schedule. When she called Defendant to find out why she was not listed, she was told that she no longer had a job because she didn't return to work.

20. Between April 13th and the end of April when Plaintiff contacted Defendant, she did not hear from the Defendant at all.

21. Defendant never advised Plaintiff of her rights under the FMLA, nor did Defendant offer Plaintiff family leave as required pursuant to the FMLA, even when she spoke with Defendant's human resources manager.

22. Plaintiff is Asian, and she was born in Myanmar.

23. The majority of Plaintiff's co-workers were African American.

24. When African American co-workers took time off, their employment was not terminated.

25. One example of an African American co-worker who was not terminated for taking time off was a man named Mr. Coleman.

26. Plaintiff was qualified for her job with Defendant.

### COUNT I: NATIONAL ORIGIN DISCRIMINATION UNDER TITLE VII OF THE CIVIL RIGHTS ACT, 42 U.S.C. §2000e

27. Plaintiff realleges the factual and jurisdictional statements in paragraphs 1 through 26 as though fully set forth herein.

28. Plaintiff was born in Myanmar.

29. Plaintiff was fired for taking time off from work even though her African American co-workers were not fired for taking time off from work.

30. Because of Plaintiff's national origin, Defendant terminated Plaintiff's employment.

31. Defendant's actions were intentional, willful, harsh, oppressive, reckless, and malicious, and as a further and proximate cause, Plaintiff has suffered severe emotional distress, pain, and suffering. The wrongs done by the Defendant were aggravated by its willfulness, wantonness, and maliciousness for which the law allows the imposition of exemplary damages. Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

32. As a direct and proximate result of the Defendant's conduct that violated 42 U.S.C. §2000e, Plaintiff suffered damages, including lost wages, emotional distress, and attorneys' fees and costs.

**COUNT II: RACE DISCRIMINATION UNDER 42 U.S.C. §1981**

33. Plaintiff realleges the factual and jurisdictional statements in paragraphs 1 through 26 as though fully set forth herein.

34. Plaintiff is Asian.

35. Plaintiff was fired for taking time off from work even though her African American co-workers were not fired for taking time off from work.

36. Because of Plaintiff's race, Defendant terminated Plaintiff's employment.

37. Defendant's actions were intentional, willful, harsh, oppressive, reckless, and malicious, and as a further and proximate cause, Plaintiff has suffered severe emotional distress, pain, and suffering. The wrongs done by the Defendant were aggravated by its willfulness, wantonness, and maliciousness for which the law allows the imposition of exemplary damages. Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

38. As a direct and proximate result of the Defendant's conduct that violated 42 U.S.C. §1981, Plaintiff suffered damages, including lost wages, emotional distress, and attorneys' fees and costs.

## COUNT III:  FAILURE TO COMPLY WITH THE FAMILY AND MEDICAL LEAVE ACT, 29 U.S.C. §2601, *et seq.*

39. Plaintiff realleges the factual and jurisdictional statements in paragraphs 1 through 26 as though fully set forth herein.

40. Plaintiff missed work first because she was ill, and then because she was required to care for her minor child, whose school had been closed as a result of the COVID-19 pandemic.

41. Both of the reasons that Plaintiff missed work entitled Plaintiff to take up to 12 weeks off work pursuant to the Family and Medical Leave Act, 29 U.S.C. §2601, *et seq.* ("FMLA")

42. Plaintiff took off work for less than 12 weeks.

43. Defendant never offered Plaintiff family or medical leave, but instead, in violation of the FMLA, terminated Plaintiff's employment because she took time off work due to her own illness and due to her need to care for her minor child whose school was closed as a result of the COVID-19 pandemic.

44. Defendant's actions were intentional, willful, harsh, oppressive, reckless, and malicious, and as a further and proximate cause, Plaintiff has suffered severe emotional distress, pain, and suffering. The wrongs done by the Defendant were aggravated by its willfulness, wantonness, and maliciousness for which the law allows the imposition of liquidated, double damages. Plaintiff, therefore, seeks liquidated damages of double the Plaintiff's damages, plus interest.

45. As a direct and proximate result of the Defendant's conduct that violated the FMLA, Plaintiff suffered damages, including lost wages, interest, and attorneys' fees and costs.

## PRAYER FOR RELIEF

46. WHEREFORE, Plaintiff requests liquidated damages, interest, and attorneys' fees from Defendant under the FMLA, 29 U.S.C. §2601, *et seq.*, and

damages, exemplary damages, and reasonable attorneys' fees from Defendant pursuant to Title VII, 42 U.S.C. §2000e and 42 U.S.C. §1981.

## JURY TRIAL DEMANDED

47. The Plaintiff demands a trial by jury.

>Respectfully submitted,
>
>**COANE AND ASSOCIATES, PLLC**
>
>By: \_\_\_/s/ Bruce Coane_____
>**Bruce Coane, Attorney-in-Charge**
>S.D. Tex. #7205
>TX Bar #04423600
>Email: bruce.coane@coane.com
>**Matthew P. Swiger**
>S.D. Tex. #24088495
>TX Bar #2276929
>Email: matt.swiger@coane.com
>**Tong Jin**
>S.D. Tex. #3399719
>TX Bar #24110051
>Email: tong.jin@coane.com
>5177 Richmond Ave., Suite 770
>Houston, TX 77056
>Phone: (713) 850-0066
>Fax: (713) 850-8528
>***ATTORNEYS FOR PLAINTIFF***

Of Counsel:
**Lisa Kuhlman**
Florida Bar No. 0978027
Email: lisa.kuhlman@coane.com
1250 E. Hallandale Beach Blvd., Suite 303
Hallandale Beach, FL 33009
(305) 538-6800